EXHIBIT A

# AUCTION PROCEDURES

These auction procedures (the "Auction Procedures") set forth the process by which Locust Street Developers, LLC (the "Debtor") shall market all or substantially all of its Property, namely: (a) that certain parcel of land commonly known as 550 Locust Street, Mount Vernon, New York, and more particularly described on Exhibit A attached hereto and made a part hereof (collectively, the "Land"), (b) the buildings, improvements, and structures located upon the Land (collectively, the "Improvements"), (c) all other easements, rights of way, appurtenances, strips, gores and other rights relating to the Land and all zoning and development rights, and other general intangibles appurtenant to the Land, if any (collectively, the "Appurtenant Rights"), and (d) all right, title and interest of Debtor, if any, in and to the fixtures owned by Debtor and attached or appurtenant to the Property and all architectural, mechanical, electrical and structural plans, studies, drawings, specifications, surveys, renderings and other technical descriptions that relate to the Property to the extent Debtor may legally transfer the same and same are available (collectively, the "Personal Property"; the Land, the Appurtenant Rights, the Improvements, and the Personal Property, collectively, the "Property") to interested parties and conduct a sale by auction as more fully set forth below (the "Auction").

On November 17, 2009, the Debtor filed its motion for entry of an Order (A) Approving Auction Procedures for sale of the Debtor's Property, (B) Scheduling Final Sale Hearing and Approving Form and Manner of Notice Thereof (the "Sale Motion"). After a hearing on December 16, 2009, the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") entered an Order approving these Auction Procedures and scheduling a hearing on the Sale Motion (the "Sale Hearing") before the Bankruptcy Court on February 9, 2010 at 9:45 a.m. (or at such other time as the Bankruptcy Court may determine) with regard to all other matters related to the Sale Motion.

Any party desiring information about the Property may do so by contacting the Debtors' court-approved broker (the "Broker") at:

Newmark Knight Frank
Attn: James D. Kuhn
125 Park Avenue, 11th Floor
New York, NY 10017
Tel: (212) 372-2200
Email: jkuhn@newmarkkf.com

The Debtors provide these Auction Procedures for use by Potential Bidders (as defined below) in submitting bids proposing a transaction to purchase or otherwise acquire the Property, and, as necessary, qualifying for and participating in the Auction. The Debtors seek to enter into a transaction with a Qualified Bidder (as defined below) that will maximize the consideration received for the Property.

1.  Important Dates

As more fully described below, the Debtors, in conjunction with the Broker, and in consultation with the first mortgagee on the Property, The Bank of New York Mellon ("BNYM") will:

- Assist Qualified Bidders (as defined below) in conducting their respective due diligence investigations, subject to confidentiality agreements to be provided by the Broker;

- Accept sealed Written Offers (as defined below) for the Property until 4:00 p.m. (Eastern Time) on January 26, 2010;

- Conduct an Auction with respect to Qualified Bids (as defined below), on January 29, 2010 at 12:00 noon (Eastern Time); and

- Select the Successful Bidder and Backup Bidder(s) (each as defined below) at the conclusion of the Auction and seek authority to sell the Property to such Successful Bidder(s) at the Sale Hearing, to be held before the Bankruptcy Court on February 9, 2010 at 9:45 a.m.

2.  Assets to be Sold

The Debtors seek to sell the Property.

3.  Confidentiality Agreements and Due Diligence

Any person or entity wishing to conduct due diligence on the Property prior to submitting a Sealed Bid (each a "Potential Bidder") must deliver (unless previously delivered) to the Broker a signed confidentiality agreement in such form acceptable to the Debtors (such form is available upon request to the Broker).

Potential Bidders should contact the Broker at:

> Newmark Knight Frank
> Attn: James D. Kuhn
> 125 Park Avenue, 11th Floor
> New York, NY 10017
> Tel: (212) 372-2200
> Email: jkuhn@newmarkkf.com

4.  Requirements for a Qualified Bid

In order to be a bidder who is qualified to participate in the Auction (a "Qualified Bidder"), a Potential Bidder must deliver to the Broker a sealed written offer ("Written Offer"), which meets each of the requirements listed below; provided, however, that the Debtors, after consultation with BNYM, may waive or modify any of these requirements:

(a) <u>Be accompanied by a marked and executed copy of the form Contract of Sale (discussed below).</u>

(b) Be accompanied by a list of any executory contracts the Qualified Bidder seeks to have the Debtors assume and assign to it under such Written Offer and demonstrates the Qualified Bidder's ability to perform under any such executory contracts;

(c) Be willing to consummate and fund the proposed transaction before February 15, 2010 (the "Closing Deadline");

(d) State that the Qualified Bidder is financially capable of consummating the transactions contemplated by the Bid and contain evidence that such Qualified Bidder has received debt and/or equity funding commitments or has financial resources readily available sufficient in the aggregate to consummate the transactions contemplated by Bid;

(e) Fully disclose (1) the identity of the persons or entities with an ownership interest in the Qualified Bidder or who will be participating in connection with such Qualified Bid, (2) the terms of any such ownership or participation, and, (3) in the case of an entity formed for the purpose of acquiring the Property, the parties that will bear liability for any breach by such entity;

(f) State that the Written Offer is irrevocable until the closing of the transaction, if such Qualified Bidder is designated as a Successful Bidder or a Backup Bidder (each as defined in the Auction Procedures);

(g) Not request or entitle the Qualified Bidder to any transaction or break-up fee, broker fee or similar type of payment;

(h) Any agreement that provides for the purchase of the Debtors' books and records related to the Property must contain provisions allowing the Debtors reasonable access to these books and records for the administration of their bankruptcy cases;

(i) Not contain any due diligence or financing contingencies of any kind;

(j) Include evidence of authorization and approval from the Qualified Bidder's board of directors (or comparable governing body) with respect to the submission, execution, delivery and closing; and

(k) Include a good faith deposit (the "Good Faith Deposit") in the form of a certified check, wire transfer or such other form, as is acceptable to the Debtors, payable to the order of Weinberg, Gross & Pergament LLP in an amount equal to at least ten percent (10%) of the overall purchase price in the Bid.

3

BNYM shall be deemed to be a Qualified Bidder.

At its discretion and after consultation with BNYM, the Debtors may choose to disregard a Written Offer. Any Good Faith Deposit accompanying a Written Offer that the Debtor, after consultation with BNYM, determines not to be a Qualified Bid shall be returned promptly following such determination. Between the Auction Deadline (as defined below) and the Auction, the Broker may negotiate or seek clarification of any Qualified Bid from a Qualified Bidder. Each Qualified Bidder shall provide to the Broker any information reasonably required in connection with the evaluation of a Written Offer or Qualified Bid within one business day after such request is made. A Qualified Bidder may not amend, modify or withdraw its Qualified Bid, except for proposed amendments to increase the amount or otherwise improve the terms of the Qualified Bid, during the period that such Qualified Bid is required to remain irrevocable and binding.

5. Bid Deadline

All Qualified Bids must be received by the Broker and Debtors' counsel, Weinberg, Gross & Pergament LLP, prior to 4:00 p.m. (Eastern Time) on January 26, 2010 (the "Bid Deadline") at the following address:

Broker:
James D. Kuhn
Newmark Knight Frank
125 Park Avenue, 11th Floor
New York, New York 10017
Tel: (212) 372-2200
Email: jkuhn@newmarkkf.com

6. Determination of Qualified Bids

The Broker, in consultation with the Debtors and BNYM shall, by no later than January 28, 2010 at 4:00 p.m. (i) determine whether a Written Offer is a Qualified Bid and (ii) notify each Qualified Bidder submitting a Written Offer whether that Written Offer is a Qualified Bid, and (iii) notify Qualified Bidders of the time and place of the Auction.

7. "As Is, Where Is"

Except as otherwise provided in the applicable agreement, the sale of the Property shall be on an "as is, where is" basis and without representations or warranties of any kind, nature or description by the Debtor, its agents or its estate, except to the extent set forth in the applicable agreement of the Successful Bidder(s) as approved by the Bankruptcy Court. Except as otherwise provided in the applicable agreement, all of the Debtor's right, title and interest in and to the Property subject thereto shall be sold free and clear of all pledges, liens, security interests, encumbrances, claims, charges, options and interests thereon and there against (collectively, the "Interests") in accordance with sections 363 and 365 of the Bankruptcy Code, with such Interests (to the extent valid) to attach to the net proceeds of the sale of the Property. Each Qualified

Bidder shall be deemed to acknowledge and represent that it has had an opportunity to conduct any and all desired due diligence regarding the Property before making its Qualified Bid, that it has relied solely upon its own independent review, investigation and/or inspection of any documents and/or the Property in making its Qualified Bid, and that it did not rely upon any written or oral statements, representations, promises, warranties or guaranties whatsoever, whether express, implied, by operation of law or otherwise, regarding the Property, or the completeness of any information provided in connection therewith or the Auction, except as expressly stated in these Auction Procedures or, as to the Successful Bidder(s), the terms of the transaction(s) as set forth in the applicable agreement.

8. <u>Auction</u>

In the event that, as the case may be, two or more Qualified Bids are received, the Debtors shall conduct an Auction of the Property. The Auction will be held on January 29, 2010 at noon (Eastern Time) at the offices of BNYM's counsel, Morrison & Foerster LLP, 1290 Avenue of the Americas, 39th Floor, New York, New York 10104 (or at any such other place, date and time as may be designated in writing by the Broker) and continue thereafter until completed. Subject to the Contract, the Debtors may adjourn the Auction at any time, continue the Auction from time to time and re-open the Auction at any time prior to the commencement of the Sale Hearing, as is appropriate in the Debtors' reasonable business judgment.

Only the Debtor, BNYM, the U.S. Trustee, and Qualified Bidders that submitted a Qualified Bid and their respective professionals shall be entitled to attend the Auction. Only a Qualified Bidder that submitted a Qualified Bid is eligible to participate in the Auction.

The Auction shall be governed by the following procedures:

(a) Qualified Bidders shall appear in person at the Auction, or through a duly authorized representative with a pre-approved power of attorney-in-fact.

(b) The Auction shall be conducted by the Broker. Except with respect to subsection (e) below, the Broker, in consultation with the Debtors and BNYM, in its discretion, may conduct the Auction, in the manner that it determines, in its reasonable business judgment, will result in the Successful Bid(s) that will maximize the overall value of the Debtors' estates, and may adopt rules for the Auction at the Auction that, in the Broker's reasonable business judgment, will better promote the goals of the Auction and that are not inconsistent with any of the provisions of the Auction Procedures Order or the Contract. All such rules will provide that: (i) the Auction procedures must be fair and open, and not intended to cause any participating Qualified Bidder to be disadvantaged in any material way as compared to any other participating Qualified Bidder, and (ii) all bids shall be made and received in one room, on an open basis, and BNYM and all other participating Qualified Bidders shall be entitled to be present for all bidding with the understanding that the true identity of each bidder (i.e., the principals submitting each bid) shall be fully disclosed to all other participating Qualified Bidders and that all material terms of each Qualified Bid will be fully

disclosed to all other bidders throughout the entire Auction. Each bid by a Qualified Bidder at the Auction, if not inconsistent with the provisions of these Auction Procedures, shall be deemed to constitute a Qualified Bid.

(c) The Debtors will arrange for the actual bidding at the Auction to be transcribed.

(d) Each Qualified Bidder participating in the Auction will be expected to confirm at the Auction that it has not engaged in any collusion regarding these Auction Procedures, the Auction or any proposed transaction relating to the Property or a portion thereof.

(e) At the Auction, bidding will continue in minimum increments of at least $100,000, with the specific increments for each round of bidding to be announced on the record at the Auction.

(f) All Qualified Bidders shall have the right to submit additional bids and make additional modifications to the Contract or Modified Agreement, as applicable, at the Auction, provided, however, that any such modifications to the Contract or Modified Agreement, on an aggregate basis and viewed in whole, shall not be less favorable to the Debtors. Notwithstanding anything else in these Auction Procedures, **BNYM, a secured creditor of the Debtor holding a pre-petition claim in the amount of no less than $15,762,021.31**, shall be deemed a Qualified Bidder and entitled at the Auction to credit bid its claim on behalf of itself.

(g) Upon conclusion of the bidding, the Auction shall be closed, and the Debtors, in consultation with BNYM, shall (i) immediately review each Qualified Bid on the basis of financial and contractual terms and the factors relevant to the transaction process, including, without limitation, the maximization of the value of the Debtors' estates (including whether such Qualified Bid contains any conditions and factors affecting the speed and certainty of consummating the transaction, and (ii) as soon as practicable, identify the highest and best Qualified Bid for the Property that would maximize the overall value of the Debtors' estates (each a "Successful Bid" and the entity or entities submitting such Successful Bid, each a "Successful Bidder") and advise the Qualified Bidders of such determination.

(h) In addition, the Debtors will determine which Qualified Bid, if any, is the next highest and best Qualified Bid and designate such Qualified Bid as a "Backup Bid" in the event the Successful Bidder fails to consummate the contemplated transaction. A Qualified Bidder that submitted a Qualified Bid that is designated a Backup Bid is a "Backup Bidder." Each Backup Bid shall remain open and binding until the earlier of (i) two (2) business days after the closing of the transaction(s) by which the Property has been transferred to a Qualified Bidder pursuant to these Auction Procedures and (ii) fifteen (15) days after the entry of an order of the Bankruptcy Court approving a transaction for the transfer of the Property.

9. <u>Sale Hearing</u>

The Sale Hearing will be held before the Honorable Robert E. Gerber on February 9, 2010 at 9:45 a.m. (Eastern Time) at the United States Bankruptcy Court for the Southern District of New York, located in One Bowling Green, Room 621, New York, New York 10004. After consultation with BNYM, the Debtors may adjourn or continue the Sale Hearing from time to time without further notice to parties in interest other than by announcement of the adjournment in open court or on the Court's calendar on the date scheduled for the Sale Hearing or any adjourned date. At the Sale Hearing, the Debtor shall present the results of the Auction to the Bankruptcy Court and seek approval for the Successful Bid and the Backup Bid(s).

Following the Sale Hearing approving the transaction with respect to the Property to the Successful Bidder, if such Successful Bidder fails to consummate an approved transaction for any reason, the appropriate Backup Bidder(s) shall be designated the Successful Bidder and the Debtor shall be authorized to effect such transaction without further order of the Court. The Successful Bidder and Backup Bidder (if any) should be represented by counsel at the Sale Hearing.

10. <u>Consummation of the Purchase</u>

(a) <u>Closing Deadline</u>

The Successful Bidder shall consummate the sale transaction contemplated by the Successful Bid (the "Purchase") on or before the Closing Deadline. Subject to the terms of the Contract, the Debtors, in consultation with BNYM, may extend the Closing Deadline from time to time in its business judgment. If a Successful Bidder successfully consummates an approved transaction by the Closing Deadline, such Successful Bidder's Good Faith Deposit shall be applied to the purchase price in such transaction.

If the Successful Bidder either fails to consummate the Purchase on or before the Closing Deadline, or otherwise fails to perform, the Debtors, in consultation with BNYM, may, in its business judgment and without further order of the Bankruptcy Court, deem the Successful Bidder to be a "Defaulting Bidder," at which time the Successful Bid shall be deemed rejected.

The Debtors shall be entitled to (i) retain the Good Faith Deposit as part of its damages resulting from the breach or failure to perform by the Defaulting Bidder, and (ii) seek all available damages from such Defaulting Bidder occurring as a result of such Defaulting Bidder's failure to perform.

(b) <u>Back-Up Purchase</u>

Upon a determination by the Debtors, after consultation with BNYM, that the Successful Bidder is a Defaulting Bidder, the Debtors will be authorized, but not required, to consummate a sale transaction with the Backup Bidder on the terms and conditions of the Backup Bid (the "Backup Purchase") without further order of the Bankruptcy Court.

If a Backup Bidder consummates a Backup Purchase, the Good Faith Deposit of such Backup Bidder will be applied to the purchase price in such transaction. On an as-needed basis, the Debtors, in the exercise of their business judgment and after consultation with BNYM, shall determine an alternative Closing Deadline for the Backup Purchase. In the event that the Debtors seeks to consummate a Backup Purchase with a Backup Bidder and such Backup Bidder fails to consummate the Backup Purchase on or before the alternative Closing Deadline, or otherwise fails to perform, the Debtors may, in their business judgment and after consultation with BNYM, and without further order of the Bankruptcy Court, deem such Backup Bidder to be a Defaulting Bidder and pursue the same remedies as under section 10(a) of these Auction Procedures.

11. <u>Return of Good Faith Deposits</u>

Good Faith Deposits of all Qualified Bidders shall be held in an interest-bearing escrow account. Except for the Successful Bidder and the Backup Bidder(s), Weinberg, Gross & Pergament LLP shall hold the Good Faith Deposits of all Qualified Bidders that submit Written Offers until the earlier of (i) two business days after the closing of the sale by which all of the Property that were the subject of such bid have been transferred to a Qualified Bidder pursuant to these Auction Procedures and (ii) the Debtors, in consultation with BNYM, announcing the cancellation of the Auction.