EXHIBIT B

Marc A. Pergament
Weinberg, Gross & Pergament LLP
400 Garden City Plaza, Suite 403
Garden City, New York 11530
516-877-2424
Attorneys for the Debtors

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
In re:                                              Chapter 11

LOCUST STREET MANAGERS, LLC,                        Case Nos. 08-14621 (REG) and
LOCUST STREET DEVELOPERS, LLC,                      09-11094 (REG)
                                                    (Jointly Administered)
                    Debtors.

------------------------------------------------------------X

ORDER (A) APPROVING AUCTION PROCEDURES FOR THE DEBTORS'
PROPERTY, (B) SCHEDULING FINAL SALE HEARING AND APPROVING
FORM AND MANNER OF NOTICE THEREOF

Upon the motion (the "Auction Procedures Motion") of the above-captioned debtors and debtors-in-possession (the "Debtors") for entry of an Order (A) Approving Auction Procedures for The Debtor's Property, and (B) Scheduling Final Sale Hearing and Approving Form and Manner of Notice Thereof Order (the "Auction Procedures Order");[1] and it appearing that the Bankruptcy Court has jurisdiction over the Auction Procedures Motion pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that this is a core proceeding pursuant to 28 U.S.C. § 157(a); the Bankruptcy Court having considered the Auction Procedures Motion; and it appearing that the relief requested in the Auction Procedures Motion, is in the best interests of the Debtors' bankruptcy estates, their creditors and other parties-in-interest; and after due deliberation and sufficient cause appearing therefor;

---

[1] Capitalized terms used but not defined herein shall have the meaning ascribed thereto in the Auction Procedures Motion.

THE COURT HEREBY MAKES THE FOLLOWING FINDINGS:

A.  Notice of the Auction Procedures Motion was adequate and sufficient under the circumstances of these chapter 11 cases, and the notice complied with all applicable requirements of 11 U.S.C. §§ 102 and 363, Rules 2002, 6004 and 6006 of the Bankruptcy Rules, and any other applicable provisions of the Bankruptcy Code, the Bankruptcy Rules and the Local Bankruptcy Rules.

B.  The procedures attached to the Auction Procedures Motion as Exhibit A (the "Auction Procedures") are reasonable and appropriate under the circumstances of these Chapter 11 cases.

C.  The form of Contract attached hereto as Exhibit 1 to the Auction Procedures (the "Contract") for the sale of the Property shall serve as the basis for sale of the Property..

D.  The Auction and Hearing Notice, substantially in the form attached to the Auction Procedures Motion as Exhibit D, provides adequate notice concerning the proposed sale of the Property, as contemplated in the Contract, which is the property of the Debtors, and is intended to provide due and adequate notice of the relief sought in the sale motion.

IT IS HEREBY ORDERED THAT:

1.  The relief requested in the Auction Procedures Motion is granted as set forth in this Auction Procedures Order.

2.  The Auction Procedures are approved in their entirety, and are incorporated herein by reference.

3.  The proposed sale of the Property, the Auction (as defined below) and the Sale Hearing shall be conducted solely in accordance with the provisions of this Auction Procedures Order and the Auction Procedures.

4. Promptly after entry of this Auction Procedures Order, the Debtors shall serve, by facsimile, e-mail, or in the case of the U.S. Trustee, by Federal Express, a copy of the Auction and Hearing Notice, or another notice substantially similar thereto, upon the following parties (the "Notice Parties"): (a) the United States Trustee; (b) counsel to BNYM; (c) all entities known to have expressed an interest in acquiring the Property; (d) all parties known to be asserting a Lien against the Property; (e) all parties filing Rule 2002 notices in these Chapter 11 cases; (f) all known creditors of the Debtors; and (g) all affected federal, state and local regulatory and taxing authorities, including the Internal Revenue Service.

5. Compliance with the foregoing notice provisions shall constitute sufficient notice of the Debtors' proposed sale of the Property, and no additional notice of the contemplated transaction need be given.

6. If the Debtors receive more than one Qualified Bid (as defined in the Auction Procedures), an auction (the "Auction") will be held on January 29, 2010 at 12:00 noon (Eastern Time), at the offices of Morrison & Foerster, LLP, 1290 Avenue of the Americas, New York, New York 10104, or at any such other location as the Debtors may hereafter designate.

7. The Debtors' retained broker is authorized to hold and conduct the Auction.

8. The hearing regarding the acceptance of the Successful Bid(s) and Backup Bid(s) shall be held on February 9, 2010, at 9:45 a.m. (Eastern Time) (the "Sale Hearing") in the Courtroom of the Honorable Robert E. Gerber, and may be adjourned from time to time without further notice other than an announcement in open court at the Sale Hearing.

9. Any objections to either the relief requested at the Sale Hearing, the terms of the proposed Sale Order or the proposed cure amounts set forth in the Cure Schedule, shall be in writing, and shall state the basis of such objection with specificity, and shall be filed with the

Bankruptcy Court and served in accordance with the Auction and Hearing Notice so as to be received by the Notice Parties on or before the seventh (7th) calendar day before the Sale Hearing, with a courtesy copy to Chambers.

10. Any deposit forfeited by a Defaulting Bidder (as defined in the Auction Procedures) shall be collateral of BNYM.

11. Notwithstanding the possible applicability of Interim Bankruptcy Rule 6004(h) and 7062 or otherwise, the terms and conditions of this Auction Procedures Order shall be immediately effective and enforceable upon its entry, and no automatic stay of execution shall apply to this Auction Procedures Order.

12. The Bankruptcy Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation of this Auction Procedures Order.

Dated: New York, New York
      December ___, 2009

_____
Robert E. Gerber, United States Bankruptcy Judge