EXHIBIT C

Marc A. Pergament
Weinberg, Gross & Pergament LLP
400 Garden City Plaza, Suite 403
Garden City, New York 11530
516-877-2424
*Attorneys for the Debtor*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- x

| | |
|---|---|
| In re | : Chapter 11 |
| Locust Street Managers, LLC, | : Case Nos. 08-14621 (REG) and<br>: 08-11094 (REG) |
| Debtors. | : (Jointly Administered) |

------------------------------------------------------------- x

## ORDER AUTHORIZING APPROVING SALE OF THE DEBTOR'S PROPERTY PURSUANT TO SECTION 363 OF THE BANKRUPTCY CODE AND PROVIDING RELATED RELIEF

Upon the application of Locust Street Developers LLC, debtor and debtor in possession in these jointly administered chapter 11 cases (the "Debtor," collectively with co-debtor Locust Street Managers, LLC, the "Debtors"), dated November 16, 2009 (the "Motion")[1], for entry of an order or orders pursuant to sections 105, 363, 365 and 1146 of Title 11, United States Code (the "Bankruptcy Code"), and Rules 2002, 6004 and 6006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), approving, inter alia, (i) certain bid protections and bidding procedures described in the Motion (the "Auction Procedures"), and (ii) the proposed sale by the Debtor of all or substantially all of its assets, namely its real property located at 550 Locust Street, Mount Vernon, New York, and all Improvements, Appurtenant Rights and Personal

---

[1] Capitalized terms not otherwise defined herein shall have the meanings set forth in the Agreement if therein defined or otherwise as set forth in the motion.

Property related thereto (collectively, the "Property") to _____ (together with its permitted assigns, the "Purchaser"), subject to higher and better offers that may be received pursuant to the Auction Procedures; and the Court having approved the Auction Procedures by Order dated _____, 2009 (the "Auction Procedures Order"); and the Debtor having provided adequate and timely notice to all creditors and parties in interest of the Motion, the Auction and the hearing on the Sale Motion (the "Sale Hearing"); and an Auction having been conducted on January 29, 2010, and it appearing that the Purchaser submitted the highest and best offer to purchase the Property; and a Sale Hearing having been held on February 9, 2010; and based upon the record of the Sale Hearing and the facts set forth in the Sale Motion and related filings; and it appearing that due, good, sufficient and timely notice of the relief sought and granted in this order has been given and that no other or further notice need be given; at which time all interested parties were offered an opportunity to be heard with respect to the Motion; and it appearing that the relief requested in the Motion is in the best interests of the Debtors, they bankruptcy estate, their creditors and other parties-in-interest; and after due deliberation and good cause appearing therefor;

THE COURT HEREBY MAKES THE FOLLOWING FINDINGS:[2]

**A.  Jurisdiction and Venue.** This Court has jurisdiction to consider this Motion under 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b). Venue of these cases and this Motion in this District is proper under 28 U.S.C. §§ 1408 and 1409.

**B.  Statutory Predicates.** The statutory predicates for the relief sought in the Motion are Bankruptcy Code sections 105(a), 363 and 365 and Bankruptcy Rules 2002, 6004 and 6006.

**C.  Notice.** As evidenced by the affidavits of service filed with this Court and based upon the representations of counsel at the Sale Hearing: (i) due, proper, timely, adequate and sufficient notice of the Motion, the Auction, the Sale Hearing and the transactions contemplated by the Agreement and this Order (the "Transactions"), has been provided in accordance with

---

[2] Findings of fact shall be construed as conclusions of law, and conclusions of law shall be construed as findings of fact when appropriate. *See* Bankruptcy Rule 7052.

Bankruptcy Code sections 105(a), 363 and 365 and Bankruptcy Rules 2002, 6004 and 6006; (ii) it appearing that no other or further notice need be provided; (iii) such notice was and is good, sufficient and appropriate under the circumstances; and (iv) no other or further notice of the Motion, the Auction, the Sale Hearing or the Transactions, is or shall be required.

**D.     Opportunity to Object.** A reasonable opportunity to object and to be heard with respect to the Motion and the relief requested therein has been given, in light of the circumstances, to all interested persons and entities, including the following: (a) the U.S. Trustee; (b) all creditors of the Debtors, including all parties known to be asserting a lien or claim on the Property; (c) all entities known to have expressed an interest in acquiring the Property; (d) the New York State and United States taxing authorities; (e) the Purchaser and its counsel; and (f) all other parties who have filed notices of appearance and demands for service of papers in the Debtors' chapter 11 case under Bankruptcy Rule 2002 as of the date of filing the Motion. A reasonable opportunity to object and to be heard with respect to the Motion and the relief requested therein has been given. All objections to the sale of the Property are overruled or resolved by this Order.

**E.     Corporate Authority.** The Debtors (i) have full corporate power and authority to execute the Agreement and all other documents contemplated thereby and the Debtor's sale of the Property has been duly and validly authorized by all necessary corporate action, (ii) has all of the corporate power and authority necessary to consummate the Transactions, (iii) has taken all corporate action necessary to authorize and approve the Agreement and the consummation of the Transactions, and (iv) no consents or approvals, other than those expressly provided for in the Agreement, are required for the Debtors to consummate such Transactions.

**F.     Sale in Best Interests.** Good and sufficient reasons for approval of the Agreement and the Transactions have been articulated, and the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors and other parties in interest.

**G.     Business Justification.** The Debtor has demonstrated both (i) good, sufficient and sound business purposes and justifications and (ii) compelling circumstances for the Transactions other than in the ordinary course of business under Bankruptcy Code section 363(b) before, and outside of, a plan of reorganization in that, among other things, the immediate consummation of the Transactions with the Purchaser is necessary and appropriate to maximize the value of the Debtor's estate. Entry of an order approving the Agreement and all the provisions thereof is a necessary condition precedent to the Purchaser consummating the Transactions.

**H.     Arm's-Length Sale.** The Agreement was negotiated, proposed and entered into by the Debtor and the Purchaser without collusion, in good faith and from arms-length bargaining positions. The Purchaser is not an "insider" of the Debtors, as that term is defined in Bankruptcy Code section 101(31). Neither the Debtors nor the Purchaser has engaged in any conduct that would cause or permit the Agreement to be avoided under Bankruptcy Code section 363(n). Specifically, the Purchaser has not acted in a collusive manner with any person and the purchase price was not controlled by any agreement among bidders.

I.  **Good Faith Purchaser.** The Purchaser is a good faith purchaser of the Property within the meaning of Bankruptcy Code section 363(m) and, is therefore entitled to all of the protections afforded thereby. The Purchaser has proceeded in good faith in all respects in connection with this proceeding in that: (i) the Purchaser recognized that the Debtor was free to deal with any other party interested in acquiring the Property; (ii) the Purchaser complied with the provisions in the Auction Procedures Order; (iii) the Purchaser agreed to subject its bid to the competitive bidding procedures set forth in the Auction Procedures Order; and (iv) all payments to be made by the Purchaser and other agreements or arrangements entered into by the Purchaser in connection with the Transactions have been sufficiently disclosed.

J.  **Highest and Best Offer.** The Debtors, through their court-retained broker, Newmark & Company Real Estate, Inc. d/b/a Newmark Knight Frank (the "Broker"), conducted the Auction in accordance with, and has otherwise complied in all respects with, the Auction Procedures Order. The Broker is the only broker hired by the Debtor to conduct a sale of the Property. The Auction established in the Auction Procedures Order afforded a full, fair and reasonable opportunity for any person or entity to make a higher or otherwise better offer to purchase the Property. The Auction was duly noticed and conducted in a non-collusive, fair and good faith manner and a reasonable opportunity was given to any interested party to make a higher and better offer for the Property. The Agreement constitutes the highest and best offer for the Property, and will provide a greater recovery for the Debtors' estates than would be provided by any other available alternative. The Debtors' determination that the Agreement constitutes the highest and best offer for the Property constitutes a valid and sound exercise of the Debtors' business judgment.

K.  **Consideration.** The consideration to be paid by the Purchaser constitutes reasonably equivalent value or fair consideration, as the case may be (as those terms are defined in each of the Uniform Fraudulent Transfer Act, Uniform Fraudulent Conveyance Act and Section 548 of the Bankruptcy Code), and fair consideration under the Bankruptcy Code and under the laws of the United States, any state, territory, possession or the District of Columbia. The Agreement represents a fair and reasonable offer to purchase the Property under the circumstances of this chapter 11 case. No other person or entity or group of entities, other than the Purchaser, has offered to purchase the Property for an amount that would give greater economic value to the Debtors' estates. Approval of the Motion and the Agreement and the consummation of the Transactions contemplated thereby are in the best interests of the Debtors, its creditors, its estate and all other parties in interest.

L.  **Free and Clear.** The Debtor is the sole and lawful owner of the Property. The transfer of the Property to the Purchaser under the Agreement will be a legal, valid, and effective transfer of the Property, and vests or will vest the Purchaser with all right, title, and interest of the Debtor to the Property free and clear of all liens, claims (as defined in Section 101(5) of the Bankruptcy Code), encumbrances, obligations, liabilities, contractual commitments or interests of any kind or nature whatsoever (collectively, the "Interests"). For avoidance of doubt, all Interests shall attach to the proceeds ultimately attributable to the property against or in which such Interests are asserted, subject to the terms of such Interests, with the same validity, force and effect, and in the same order of priority, which such Interests now have against the Property or their proceeds, subject to any rights, claims and defenses the Debtor or its estate, as applicable, may possess with respect thereto. Notwithstanding the foregoing, pursuant to the

Loan Documents referenced in the Motion, The Bank of New York Mellon (the "Bank") holds a first priority mortgage and lien on the Property and the proceeds thereof in the amount of no less than $15,762,021.31 as of the date of the Motion, and the Bank shall be entitled to receive the entire Purchase Price, pursuant to section 363 of the Bankruptcy Code, in partial satisfaction of its secured claim against the Debtor, less any amounts payable at closing pursuant to the Agreement in respect of the Broker's commission and real estate taxes.

**M.** The Purchaser would not have entered into the Agreement and would not consummate the Transactions contemplated thereby, thus adversely affecting the Debtor, its estate, and its creditors, if the sale of the Property to the Purchaser was not free and clear of all Interests of any kind or nature whatsoever, or if the Purchaser would, or in the future could, be liable for any of the Interests.

**N.** The Purchaser will not consummate the Transactions unless the Agreement specifically provides, and the Bankruptcy Court specifically orders, that none of the Purchaser or its affiliates, members or shareholders or the Property will have any liability whatsoever with respect to or be required to satisfy in any manner, whether at law or in equity, whether by payment, setoff or otherwise, directly or indirectly, any Encumbrance (other than the Permitted Encumbrances) or Excluded Liability.

**O.** The Debtor may sell the Property free and clear of any Interests of any kind or nature whatsoever because in each case, one or more of the standards set forth in section 363(f)(1)-(5) of the Bankruptcy Code has been satisfied. Each entity with an Interest in the Property to be transferred on the Closing Date: (i) has, subject to the terms and conditions of this Order, consented to the Transactions or is deemed to have consented to the Transactions; (ii) could be compelled in a legal or equitable proceeding to accept money satisfaction of such Interest; or (iii) otherwise falls within the provisions of section 363(f) of the Bankruptcy Code. Those holders of Interests who did not object to the Motion are deemed, subject to the terms of this Order, to have consented pursuant to Bankruptcy Code section 363(f)(2). All holders of Interests are adequately protected by having their Interests attach to the proceeds ultimately attributable to the property against or in which such Interests are asserted, subject to the terms of such Interests, with the same validity, force and effect, and in the same order of priority, which such Interests now have against the Property or their proceeds, subject to any rights, claims and defenses the Debtor or its estate, as applicable, may possess with respect thereto.

**P. No Fraudulent Transfer.** The Agreement was not entered into for the purpose of hindering, delaying or defrauding creditors under the Bankruptcy Code and under the laws of the United States, any state, territory, possession, or the District of Columbia. Neither the Debtor nor the Purchaser is entering into the Transactions fraudulently.

**Q. Not a Successor.** The Purchaser (a) is not a successor to the Debtor, (b) has not, de facto or otherwise, merged with or into the Debtor, (c) is not a continuation or substantial continuation of the Debtor or any enterprise of the Debtor, and (d) is not holding itself out to the public as a continuation of the Debtor. The transfer of the Property to the Purchaser does not and will not subject the Purchaser to any liability whatsoever with respect to the operation of the Debtor's business before the Closing Date or by reason of such transfer under the laws of the United States, any state, territory, or possession thereof, or the District of Columbia, based, in

whole or in part, directly or indirectly, on any theory of law or equity, including, without limitation, any theory of equitable law, including, without limitation, any theory of antitrust or successor or transferee liability and, except as otherwise contained herein or in the Agreement, the Purchaser shall not have any liability to any broker or other professionals retained by the Debtor or to cure any default of the Debtor related to the Property.

**R. Prompt Consummation.** The Transactions must be approved and consummated promptly in order to preserve the Property, to maximize the value of the Debtor's estate and to minimize the claims against the estate. Time is of the essence in consummating the Transactions.

NOW, THEREFORE, IT IS ORDERED THAT:

**1. Motion is Granted.** The Motion and the relief requested therein is GRANTED and APPROVED, as set forth herein.

**2. Objections Overruled.** Any objections to the entry of this Order or the relief granted herein and requested in the Motion that have not been withdrawn, waived, or settled, or not otherwise resolved pursuant to the terms hereof, if any, hereby are denied and overruled on the merits with prejudice.

**3. Approval.** The Agreement and all of the terms and conditions thereto are hereby approved. The Debtor and the Purchaser and their respective officers and directors are hereby authorized and directed to: (a) execute the Agreement, along with any additional instruments or documents that may be reasonably necessary or appropriate to implement the Agreement, provided that such additional documents do not materially change its terms; (b) consummate the Transactions in accordance with the terms and conditions of the Agreement and the instruments to the Agreement contemplated thereby; and (c) take all other and further actions as may be reasonably necessary to implement the Transactions as contemplated by the Agreement and this Order.

**4. Free and Clear.** Except as expressly permitted or otherwise specifically provided for in the Agreement or this Order, pursuant to Bankruptcy Code sections 105(a) and 363(f), the Debtor is authorized and directed to transfer the Property to the Purchaser and, as of the Closing Date, the Purchaser shall take title to and possession of the Property free and clear of all Interests of any kind or nature whatsoever, including but not limited to the Encumbrances (other than the Permitted Encumbrances) and Excluded Liabilities, with all such Interests to attach to the proceeds ultimately attributable to the property against or in which such Interests are asserted, subject to the terms of such Interests, with the same validity, force and effect, and in the same order of priority, which such Interests now have against the Property or their proceeds, subject to any rights, claims and defenses the Debtor or its estate, as applicable, may possess with respect thereto.

**5. Valid Transfer.** As of the Closing Date, (a) the Transactions effect a legal, valid, enforceable and effective sale and transfer of the Property to the Purchaser, and shall vest the Purchaser with title to such Property free and clear of all Encumbrances (other than the Permitted Encumbrances) and Excluded Liabilities and (b) the Agreement and the Transactions and instruments contemplated thereby shall be specifically performable and enforceable against

6

ny-885004

and binding upon, and not subject to rejection or avoidance by, the Debtor or any chapter 11 trustee of the Debtor and its estate.

6. **General Assignment.** On the Closing Date, this Order shall be construed and shall constitute for any and all purposes a full and complete general assignment, conveyance and transfer of the Debtor's interests in the Property. Each and every federal, state, and local governmental agency or department is hereby directed to accept any and all documents and instruments necessary and appropriate to consummate the transactions contemplated by the Agreement.

7. **Injunction.** Except as expressly permitted by the Agreement or by this Order, all persons and entities, including, but not limited to, the Debtor, employees, former employees, all debt security holders, equity security holders, administrative agencies, governmental, tax and regulatory authorities, secretaries of state, federal, state and local officials, lenders, contract parties, lessors, trade creditors and all other creditors, holding Interests of any kind or nature whatsoever against or in the Debtor or in the Debtor's interests in the Property (whether legal or equitable, secured or unsecured, matured or unmatured, contingent or noncontingent, known or unknown, liquidated or unliquidated, senior or subordinated), arising under or out of, in connection with, or in any way relating to, the Debtor, the Property, the operation of the Debtor's business before the Closing Date or with respect to any Interests arising out of or related to the Transactions, shall be and hereby are forever barred, estopped and permanently enjoined from commencing, prosecuting or continuing in any manner any action or other proceeding of any kind against the Purchaser, its property, its successors and assigns, alleged or otherwise, its affiliates or such Property. Following the Closing Date, no holder of an Interest in the Debtor shall interfere with the Purchaser's title to or use and enjoyment of the Property based on or related to such Interest, or any actions that the Debtor may take in its chapter 11 case.

8. **Release of Interests.** Subject to Paragraphs 4 and 20 of this Order, this Order (a) shall be effective as a determination that, on the Closing Date, all Interests (other than the Permitted Exceptions) of any kind or nature whatsoever existing as to the Debtor or the Property prior to the Closing Date have been unconditionally released, discharged and terminated, and that the conveyances described herein have been effected, and (b) shall be binding upon and shall govern the acts of all entities including without limitation, all filing agents, filing officers, title agents, title companies, recorders of mortgages, recorders of deeds, registrars of deeds, administrative agencies, governmental departments, secretaries of state, federal, state, and local officials, and all other persons and entities who may be required by operation of law, the duties of their office, or contract, to accept, file, register or otherwise record or release any documents or instruments, or who may be required to report or insure any title or state of title in or to the Property.

9. **Direction to Release Interests.** On the Closing Date and subject to the Interests attaching to the proceeds of the Sale, as provided for in Paragraphs 4 and 20 of this Order, the Debtor's creditors are authorized and directed to execute such documents and take all other actions as may be reasonably necessary to release its Interests in the Property, if any, as such Interests may have been recorded or may otherwise exist.

7

**10. No Successor Liability.** Neither the Purchaser nor its affiliates, successors or assigns shall be deemed, as a result of any action taken in connection with the purchase of the Property, to: (a) be a successor to the Debtor or its estate; (b) have, de facto or otherwise, merged or consolidated with or into the Debtor or its estate; or (c) be a continuation or substantial continuation of the Debtor or any enterprise of the Debtor. Except for the Assumed Liabilities and Permitted Exceptions, the transfer of the Property to the Purchaser under the Agreement shall not result in (i) the Purchaser, its affiliates, members, or shareholders, or the Property, having any liability or responsibility for any claim against the Debtor or against an insider of the Debtor, (ii) the Purchaser, its affiliates, members, or shareholders, or the Property, having any liability whatsoever with respect to or be required to satisfy in any manner, whether at law or in equity, whether by payment, setoff or otherwise, directly or indirectly, any Encumbrance (other than the Permitted Exceptions) or Excluded Liability, or (iii) the Purchaser, its affiliates, members, or shareholders, or the Property, having any liability or responsibility to the Debtor, except as is expressly set forth in the Agreement, including, but not limited to, liabilities on account of any taxes or other government fees, contributions or surcharges arising, accruing or payable under, out of, in connection with, or in any way relating to the operation of the Property prior to the Closing Date.

**11. Claim of the Bank.** The Bank shall have an allowed first priority lien and claim on the Property and on the proceeds of the Sale up to the amount of the indebtedness evidenced by its Loan documents, less the amounts necessary to pay the Broker and real estate taxes on the Property, which are the Seller's obligation under the Agreement. The Bank shall have an allowed administrative expense claim for amounts paid out of the proceeds of the Sale to the Broker, taxing authorities, to insure the Property post-petition pending the sale of the Property and such other costs and expenses of the estate that are covered by section 503(b)(1) of the Bankruptcy Code, which administrative claim shall be deemed satisfied upon closing of the Sale.

**12. Binding Effect of Order.** This Order shall be binding upon and shall govern the acts of all entities, including without limitation all filing agents, filing officers, title agents, title companies, recorders of mortgages, recorders of deeds, registrars of deeds, administrative agencies, governmental departments, secretaries of state, federal, state and local officials, and all other persons and entities who may be required by operation of law, the duties of their office, or contract, to accept, file, register or otherwise record or release any documents or instruments, or who may be required to report or insure any title or state of title in or to any of the Property.

**13. Binding on Successors.** The terms and provisions of the Agreement and this Order shall be binding in all respects upon the Debtors, their estates, all creditors of (whether known or unknown) and holders of equity interests in, the Debtors, the Purchaser and their respective affiliates, successors and assigns, and any affected third parties, including, but not limited to, and all persons asserting Interests in the Property, notwithstanding any subsequent appointment of any trustee of the Debtor under any chapter of the Bankruptcy Code, as to which trustee(s) such terms and provisions likewise shall be binding. This Order and the Agreement shall inure to the benefit of the Debtor, its estate, its creditors, the Purchaser, and their respective successors and assigns.

**14.     Bankruptcy Code Section 363(n).** The consideration provided by the Purchaser for the Property under the Agreement is fair and reasonable. Based on the disclosures made to the Court in the Motion and at the Sale Hearing, the Debtor is not aware of any facts that would support an argument for avoidance of the Transactions under Bankruptcy Code section 363(n).

**15.     Good Faith.** The Transactions contemplated by the Agreement are undertaken by the Purchaser without collusion and in good faith, as that term is used in Bankruptcy Code section 363(m) and, accordingly, the reversal or modification on appeal of the authorization provided herein to consummate the Transactions shall not affect the validity of the Transactions with the Purchaser, unless such authorization is duly stayed pending such appeal. The Purchaser is a good faith purchaser of the Property, and is entitled to all of the benefits and protections afforded by Bankruptcy Code section 363(m).

**16.     Fair Consideration.** The consideration provided by the Purchaser to the Debtor pursuant to the Agreement for its purchase of the Property constitutes reasonably equivalent value and fair consideration under the Bankruptcy Code, Uniform Fraudulent Transfer Act, Uniform Fraudulent Conveyance Act and under the laws of the United States, any state, territory, possession or the District of Columbia.

**17.     Retention of Jurisdiction.** This Court retains jurisdiction, pursuant to its statutory powers under 28 U.S.C. § 157(b)(2), to, among other things, interpret, implement, and enforce the terms and provisions of this Order and the Agreement, all amendments thereto and any waivers and consents thereunder and each of the agreements executed in connection therewith, including, but not limited to, retaining jurisdiction to: (a) compel delivery of the Property to the Purchaser; (b) compel delivery of the Purchase Price to the Bank or performance of other obligations owed to the Debtor; (c) interpret, implement and enforce the provisions of this Order and the Agreement; (d) to adjudicate, if necessary, any and all disputes concerning or relating in any way to the Transactions; and (e) protect the Purchaser against any Interests in the Debtor or the Property of any kind or nature whatsoever, attaching to the proceeds of the Transactions.

**18.     Surrender of Possession.** All entities that are presently, or on the Closing Date may be, in possession of some or all of the Property in which the Debtor holds an interest hereby are directed to surrender possession of the Property either to (a) the Debtor before the Closing Date, or (b) to the Purchaser on the Closing Date.

**19.     Fees and Expenses.** Any amounts payable by the Debtor under the Agreement or any of the documents delivered by the Debtor in connection with the Agreement shall be paid in the manner provided for in the Agreement without further order of this Court, shall be an allowed administrative claim in an amount equal to such payments in accordance with sections 503(b) and 507(a)(2) of the Bankruptcy Code, and shall not be discharged, modified or otherwise affected by any reorganization plan for the Debtor, except by agreement with the Purchaser, its successors, or assigns.

**20.     Sale Proceeds.** Any and all valid and perfected Interests in Property of the Debtor (other than the Permitted Exceptions) shall attach to any proceeds of such Property

immediately upon receipt of such proceeds by the Debtor (or any party acting on the Debtor's behalf) in the order of priority, and with the same validity, force and effect that they now have against the Property, subject to any rights, claims and defenses the Debtor or its estate, as applicable, may possess with respect thereto, and, in addition to any limitations on the use of such proceeds pursuant to any provision of this Order, except as required by this Order or the Agreement, no proceeds subject to an asserted Interest shall be used or disbursed by the Debtor without the express consent of the party or parties asserting an Interest therein or further order of the Court after notice (to all parties who have asserted an Interest in such proceeds) and a hearing, consistent with the requirements of the Bankruptcy Code. Notwithstanding the foregoing, The Bank of New York Mellon shall have a first priority mortgage and lien on the Property in respect of its claim evidenced by the Loan Documents.

**21. Tax Exemption.** To the fullest extent allowed by law, the Debtor's sale of the Property is hereby exempt from any transfer, documentary, sales, use, stamp, registration and other such taxes, any conveyance fees, any recording charges and any other similar fees and charges (including penalties and interest in respect thereof) under section 1146 of the Bankruptcy Code.

**22. Non-material Modifications.** The Agreement and any related agreements, documents or other instruments may be modified, amended or supplemented by the parties thereto, in a writing signed by such parties, and in accordance with the terms thereof, without further order of the Court, provided that any such modification, amendment or supplement does not have a material adverse effect on the Debtor's estate.

**23. Subsequent Plan Provisions.** Nothing contained in any chapter 11 plan confirmed in the Debtor's case or any order confirming any such plan or in any other order in this chapter 11 case (including any order entered after any conversion of this case to a case under chapter 7 of the Bankruptcy Code) shall alter, conflict with, or derogate from, the provisions of the Agreement or this Order.

**24. Failure to Specify Provisions.** The failure specifically to include any particular provisions of the Agreement in this Order shall not diminish or impair the effectiveness of such provisions, it being the intent of the Court that the Agreement be authorized and approved in its entirety; provided, however, that this Order shall govern if there is any inconsistency between the Agreement (including all ancillary documents executed in connection therewith) and this Order. Likewise, all of the provisions of this Order are nonseverable and mutually dependent.

**25. No Stay of Order.** Notwithstanding the provisions of Interim Bankruptcy Rule 6004(h) and Bankruptcy Rule 6006(d), this Order shall not be stayed for ten days after the entry hereof, but shall be effective and enforceable immediately upon issuance hereof. Time is of the essence in closing the Transactions referenced herein, and the Debtor and the Purchaser intend to close the Transactions as soon as practicable. Any party objecting to this Order must exercise due diligence in filing an appeal and pursuing a stay, or risk its appeal being foreclosed as moot.

**26. Cooperation with Administration of the Estate.** The Debtor will retain or have reasonable access to its books and records to administer its bankruptcy case. The Purchaser shall cooperate with all reasonable requests of the Debtor and provide any information or documentation reasonably necessary to enable the Debtor to administer its estate and to reconcile claims. Except for the foregoing, the Purchaser shall not be liable for any costs, fees and/or expenses associated with the administration of the Debtor's estate and/or reconciliation of claims, including, but not limited to, (a) any administrative fees and expenses, including, without limitation, allowed administrative expenses under section 503(b) of the Bankruptcy Code; (b) any transaction costs, fees and expenses in connection with the Debtor's obligations under the Agreement or this Order; and (c) any rejection damages claimed in the Debtors' chapter 11 cases.

Dated: New York, New York
      February ___, 2010

                                            Honorable Robert E. Gerber
                                            United States Bankruptcy Judge

# **EXHIBIT A**
## AGREEMENT